UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INDIAN HARBOR INS. CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV1551 CDP |
| ) | |
| MUNICIPAL MORTGAGE & ) | |
| EQUITY, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., Moore's Federal Practice § 102.31 (3d ed. 2013).

The Complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. The

Complaint alleges that plaintiff Indian Harbor Insurance Company is a North Dakota company with its principal place of business in Connecticut. It further alleges that defendant Aaron Sullivan is a "resident of the state of Missouri." It also alleges that defendant Municipal Mortgage and Equity, LLC is a Delaware limited liability company with its principal place of business in Maryland. The complaint further alleges that defendant Whispering Lake, L.P. is a Maryland limited partnership with its principal place of business in Missouri. These allegations are insufficient for the Court to determine whether it has diversity jurisdiction over this matter.

Plaintiff apparently assumes that a limited liability company is treated like a corporation and thus is a citizen of its state of organization and its principal place of business. *See* 28 U.S.C. §§ 1332(a), (c)(1); *Sanders*, 823 F.2d at 215 n.1. That is incorrect. Limited liability companies are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, for defendant Municipal Mortgage and Equity, LLC, the Court must examine the citizenship of each member of the limited liability company to determine whether diversity jurisdiction exists. The Complaint contains no allegations concerning the members of Municipal Mortgage and Equity, LLC, or their citizenship.

Likewise, for diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990)). The Complaint contains no allegations concerning the partners of Whispering Lake, nor of their citizenship.

The Complaint also alleges that the individual defendant Sullivan resides in Missouri, but does not allege facts concerning his citizenship. "A complaint that alleges merely residency, rather than citizenship, is insufficient to plead diverse citizenship." 15 Moore's Federal Practice § 102.31; *see Sanders*, 823 F.2d at 215 n.1.

The Court will grant plaintiff ten (10) days to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties. If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **November 15, 2013**, plaintiff shall file an amended complaint that alleges facts establishing the citizenship of each defendant.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

                                                         *Catherine D. Perry*
                                                         CATHERINE D. PERRY
                                                         UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2013.